**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZAJI O. ZAJRADHARA,<br><br>              Petitioner,<br><br>  v.<br><br>Nominal OFFICE OF THE CHIEF ADMINISTRATIVE HEARING OFFICER; ALJERIC GENERAL SERVICES, LLC,<br><br>              Respondents. | No. 24-5687<br><br>Agency No. Office of the Chief Administrative Hearing Officer<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Office of the Chief Administrative Hearing Officer

Submitted July 15, 2026[**]

Before: NGUYEN, OWENS, and LEE, Circuit Judges.

Zaji O. Zajradhara petitions pro se for review of the Office of the Chief

Administrative Hearing Officer's (OCAHO) Final Decision and Order dismissing

Zajradhara's complaint alleging that Aljeric General Services, LLC (Aljeric)

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discriminated against him based on his national origin and citizenship status as well as retaliated against him in violation of the Immigration Reform and Control Act, 8 U.S.C. § 1324b. We have jurisdiction under 8 U.S.C. § 1324b(i)(1). We review de novo the Administrative Law Judge's (ALJ) conclusions of law, and for substantial evidence the ALJ's findings of facts. *See Mester Mfg. Co. v. INS*, 879 F.2d 561, 565 (9th Cir. 1989). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. The ALJ properly dismissed Zajradhara's national origin discrimination claim because it was based on the same set of facts as his charge filed with the Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964, and the EEOC did not dismiss the charge as outside the scope of Title VII. *See* 8 U.S.C. § 1324b(b)(2) (prohibiting overlapping charges "based on the same set of facts [as a charge] filed with the [EEOC] under title VII . . . unless the charge is dismissed as being outside the scope of such title").

2. The ALJ properly determined that Zajradhara failed to establish a prima facie case of citizenship discrimination. The record supports the ALJ's finding that the individual selected for the Aljeric operations manager position had superior qualifications to Zajradhara, and no other facts were presented that would have allowed for an inference of discrimination. *See Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 640–41 & 640 n.5 (9th Cir. 2004) (setting forth the *McDonnell Douglas*

burden-shifting framework and prima facie case); *see also Monty v. USA2GO Quick Stores*, 16 OCAHO no. 1443c, 9 (2024) (for § 1324b, the OCAHO looks for general guidance to cases arising under Title VII and other federal remedial statutes prohibiting employment discrimination).

3. The ALJ properly determined that Zajradhara failed to establish a prima facie case of retaliation because, although Zajradhara engaged in a protected activity by filing a complaint, he did not show there was a subsequent adverse employment action by Aljeric. *See Ray v. Henderson*, 217 F.3d 1234, 1240–43 (9th Cir. 2000) (setting forth prima facie case for retaliation and explaining an adverse employment action). Zajradhara argued he was not selected for a 2022 janitorial services position because he filed a complaint. However, substantial evidence supports the ALJ's finding that that Zajradhara did not apply for that position, so there was no evidence of an adverse employment action.

**PETITION FOR REVIEW DENIED**.